FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 18 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SICORY D. LOCKETT,

              Plaintiff,

-against-

BARAK OBAMA, President; UNITED
STATES OF AMERICA; UNITED NATIONS;
CHIEF OF PROTOCOL,

              Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-1802 (CBA)

AMON, Chief United States District Judge:

On April 11, 2011, plaintiff filed this *pro se* action. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint for the reasons stated below.

## BACKGROUND

Plaintiff's complaint is a rambling, incomprehensible narrative. For instance, plaintiff

> seek[s] solution for inability to establish a Int. Civil Court opion [sic] absent United Nations State Charter, relative to restraints on commerce which prevents national state hood and security against irreparable personal injury and profit loss due to failure of federal to protect state from invasion and domestic violence of unfair competition and labor practices resulting in supplemented damages totaling over $80 billion dollars to protected class individuals and corporations religious rights pursuant not limited to U.S. Constitution Sec. 702 of Civil Rights Act of . . . and int. covenant of economic, social, and civil rights against religious ritualistic, criminal profiling hate crimes.

(Compl. at 1.) Plaintiff further seeks, *inter alia*, "monitoring of international investigation of surveillance and intelligence 4th Amend. illegal searches, seizures by implantation of manufactured sight, listening and speaking devices . . . ." (Compl. at 2, ¶ 6.)



1

## STANDARD OF REVIEW

Because plaintiff is proceeding *pro se*, his papers must be read liberally and interpreted as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). See also Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir.2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.").

## DISCUSSION

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court held that a Court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. "[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. The Supreme Court has further recognized that a complaint is frivolous when it embraces, "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's pleadings are irrational and incredible. Plaintiff's allegations, even under the very liberal reading we accord *pro se* pleadings, can only be described as delusional and fantastic. See Denton, 504 U.S. at 33. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the frivolous complaint is dismissed.

2

## CONCLUSION

Accordingly, the complaint filed *in forma pauperis* is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
       April  15 , 2011